

**IT IS ORDERED as set forth below:**

**Date: April 16, 2014**

_Mary Grace Diehl_

_____

**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| AMY ELIZABETH BARNES, | ) CASE NO.  12-63820-MGD |
| | ) |
| | ) |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - - - |
| SETERUS, INC. AS THE AUTHORIZED | ) |
| SUBSERVICER FOR FEDERAL NATIONAL | ) |
| MORTGAGE ASSOCIATION ("FANNIE | ) |
| MAE"), CREDITOR C/O SETERUS, INC., | ) |
| Movant, | ) |
| | ) CONTESTED MATTER |
| vs. | ) |
| | ) |
| AMY ELIZABETH BARNES, Debtor, | ) |
| MARY IDA TOWNSON, Trustee, | ) |
| | ) |
| | ) |
| Respondents. | ) |

**CONSENT ORDER**

       This matter comes before the Court on the Motion for Relief from Automatic Stay filed

by Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie

Mae"), creditor c/o Seterus, Inc., its successors and assigns, on February 6, 2014, and having been

_M&C File No.12-04448_

scheduled for a hearing on April 9, 2014, regarding real property now or formerly known as 886 Wanda Circle Southwest, Marietta, GA 30008, and the parties herein stipulate to the following:

The parties herein are in agreement that the post-petition mortgage arrearage owed to Movant as of April 9, 2014, is $3,677.19. This figure is comprised of the October 2013 mortgage payment at $389.21, November 2013 through April 2014 mortgage payments at $410.33 and attorney`s fees and costs at $826.00. The Debtor will be required to make a payment in the amount of $411.00 to Movant in certified funds on or before April 12, 2014, necessary to reduce the arrearage to $3,266.19. Movant will amend its Proof of Claim in the amount of $826.00 for reasonable attorney's fees and costs. The Debtor will be required to cure the remaining arrearage of $2,440.19 by making payments to Movant in the amount of $271.14 for the next nine (9) consecutive months, to be tendered on or before the 15th day of each month beginning in May, 2014.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion is conditionally **DENIED** as follows:

The Debtor shall be required, beginning in May, 2014, to pay to Movant all future monthly mortgage payments when due. These mortgage payments as well as the payments necessary to cure the post-petition mortgage arrearage shall be governed by a Strict Compliance Clause as outlined herein below and said Clause shall remain in effect for a period of nine (9) months beginning in May, 2014. Upon failure by the Debtor to make any of these payments to Movant when due, the Automatic Stay may be terminated as to Movant's secured property subject to the following conditions and allow Movant to proceed to foreclose or otherwise dispose of or take action including exercising its state law remedies including, but not limited to, dispossessory proceedings, or to take any action which is necessary in order for Movant to recover upon its secured claim to the property.

Upon failure by the Debtor to tender to Movant the above-stated funds as provided herein, and upon notice of default sent by first class mail to Debtor and Debtor`s attorney and failure by Debtor to cure such default within 10 days of the date of such notice, Movant may file a motion and affidavit of default with the Court, with service upon Debtor and Debtor`s attorney, and the Court may enter an Order terminating the automatic stay, waiving the 14-Day Stay of Bankruptcy Rule 4001(a)(3), without further notice or hearing. The Trustee shall cease funding the same claim upon entry of the order. Any excess proceeds derived from a foreclosure sale by Movant shall be remitted to the Chapter 13 Trustee. At its option, Movant may contact the Debtor via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu

*M&C File No.12-04448*

(and/or short sale) as allowed by state law. The entry of this order does not absolve the Debtor of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such a loan modification.

**[END OF DOCUMENT]**

CONSENTED TO BY:


By: /s/  Robert Wilkinson
Robert Wilkinson
GA. State Bar No. 760055
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
jwilkinson@mccurdycandler.com
ATTORNEY FOR MOVANT


/s/ Jason Lutz
Jason Lutz, with Express Permission
Clark & Washington, P.C.
3300 Northeast Expwy.
Bldg 3
Atlanta, GA 30341
404-522-2222 Telephone
770-220-0685 Facsimile
cworders@cw13.com
Georgia Bar No. 670673
ATTORNEY FOR DEBTOR


NO OPPOSITION

/s/ K. Edward Safir
K. Edward Safir, with Express Permission
Mary Ida Townson, Chapter 13 Trustee
191 Peachtree Street, N.E.
Suite 2200
Atlanta, GA 30303-1740
(404) 525-1110 Telephone
(404) 522-4448 Facsimile
orders@atlch13tt.com
Georgia Bar No. 622149


*M&C File No.12-04448*

<u>DISTRIBUTION LIST</u>

Amy Elizabeth Barnes
886 Wanda Circle SW
Marietta, GA 30008

E. L. Clark
Clark & Washington, P.C.
3300 Northeast Expwy.
Bldg 3
Atlanta, GA 30341

Mary Ida Townson
Chapter 13 Trustee
191 Peachtree Street, N.E.
Suite 2200
Atlanta, GA 30303-1740

Robert Wilkinson
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

*M&C File No.12-04448*